UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MOHAMMED A. HASAN, #38569-060**

    **Petitioner,**

                                    Civil No: 06-13637
                                    Honorable Victoria A. Roberts
                                    Magistrate Judge Mona K. Majzoub

v.

**C. EICHENLAUB**,

    **Respondent.**

_____

**OPINION & ORDER DENYING PETITIONER'S MOTION
FOR PRELIMINARY INJUNCTION**

**I. Introduction**

Petitioner has filed a "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241" challenging the manner in which his sentence is being executed. This matter is before the Court on Petitioner's "Motion for Preliminary Injunction." Petitioner seeks to prevent the Respondent from revoking his eligibility for early release. It is Petitioner's position that he was deemed eligible for early release and was to be set free on December 7, 2006. However, his eligibility was revoked on April 7, 2006 due to his deportable status. Due to the impending early release date, Petitioner is asking the Court to enjoin the Respondent from revoking his eligibility for early release as he asserts that his circumstances meet the requirements of receiving injunctive relief.

**II. Discussion**

    **A. Preliminary Injunction Standard**

In general, the purpose of a preliminary injunction is to maintain the status quo until the Court may rule on the merits of the underlying case. See *Blaylock v. Cheker Oil Co.*, 547 F.2d 962

(6th Cir.1976). When determining whether to issue a preliminary injunction, a district court should consider four questions: (1) whether the moving party is likely to succeed on the merits of the action; (2) whether the preliminary injunction would save the moving party from irreparable harm; (3) whether the preliminary injunction would harm others; and (4) whether the public interest would be served by the preliminary injunction. See *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 226-27 (6th Cir.1996).

### 1.  Likelihood of Success on the Merits

Petitioner asserts that because his case was not summarily dismissed upon an initial screening by the Court of Petitioner's habeas petition that he has a substantial likelihood of prevailing on his claims. This is not true. When a habeas petition is screened by the Court, it will only be summarily dismissed if there is a procedural or substantive bar to being granted relief which is readily apparent on the face of the petition. Therefore, a petition's survival through the initial screening process is no indication of the strength of Petitioner's claims.

Petitioner maintains that because he was granted eligibility for early release when his deportable status was known to the Respondent, and then it was arbitrarily taken away when there was no change in Petitioner's circumstances, the early release revocation was capricious and a violation of his constitutional rights. Petitioner further claims that 18 U.S.C. §3621(e) violates his equal protection rights as the statute unconstitutionally excludes prisoners subject to deportation from early release consideration.

Congress has vested the Bureau of Prisons (BOP) "with the right to exercise complete and absolute discretion in matters relating to the incarceration and classification of lawfully convicted prisoners," *18 U.S.C. § 3621*; *Moody v. Daggett*, 429 U.S. 78, 88 (1976); and *Beard v. Livesay*, 798

2

F.2d 874 (6th Cir.1986). There is no constitutional or inherent right of a convicted person to be released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). The general rule is that the Due Process Clause of the United States Constitution does not confer any right upon an inmate to any particular custody or security classification. *Moody v. Daggett*, 429 U.S. at 88. The Constitution does not confer inmates a liberty interest in retaining or receiving any particular security or custody status "[a]s long as the [challenged] conditions or degree of confinement is within the sentence imposed ... and is not otherwise violative of the Constitution." *Hewitt v. Helms*, 459 U.S. 460, 468 (1983). The Due Process Clause requires only that inmates' conditions of confinement be consistent with their sentence. *Id.* In short, prisoner classification in federal prisons is not directly subject to due process protections. *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48 (5th Cir. 1995).

The Residential Drug Abuse Program (RDAP) is a program through which certain federal inmates receive various incentives for involvement in drug abuse treatment programs. *28 C.F.R. § 550.57.* The BOP has discretion to allow an inmate a sentence reduction of up to one year if the inmate was convicted of a nonviolent offense and has successfully completed a substance abuse treatment program. *18 U.S.C. § 3621(e)(2)(B).* The Petitioner contends that his due process and equal protection rights have been violated by reason of having his opportunity for early release revoked.

There is no authority for a prisoner having a liberty interest in 18 U.S.C. § 3621(e)(2), which by its very terms grants the BOP full discretion to grant or withhold an early release, even denying any early release to those who have already completed the RDAP. Early release is much like parole, in that either possibility "provides no more than a mere hope that the benefit will be

3

obtained." *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. at 7; see *Sandin v. Conner,* 515 U.S. 472, 487 (1995)(possibility of early release is not a liberty interest).

In *Lopez v. Davis*, 531 U.S. 230, 240 (2001), the Supreme Court held that the use of the word "may" rather than "shall" in § 3621(e) in the statute gave the BOP the discretion to exclude categories of inmates from the sentence reduction program, and held that individualized determinations are not necessary. 531 U.S. at 240-44. Accordingly, the BOP may exclude inmates from early release categorically or on a case-by-case basis; and barring any circumstances of which this Court is not yet aware, there is not a substantial likelihood that Petitioner will prevail on the merits.

### 2. Irreparable Harm

Because the Respondent has not been ordered to answer Petitioner's habeas petition until February 23, 2007,  Petitioner claims that he will be irreparably harmed if an injunction does not issue before the response is filed. Petitioner's early release date is December 7, 2006; and he contends that he will be deprived of at least 2½ months of potentially being on early release from prison. Petitioner also maintains that his family will suffer further financial difficulties if he is not released on December 7, 2006.

Irreparable harm is a harm which is not fully compensable by money damages. *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir.1992). "[A]n injury is not fully compensable by money damages if the nature of the [claimant's] loss would make damages difficult to calculate." *Id.* (citing *Roland Mach. Co. v. Dresser Indus., Inc*., 749 F.2d 380, 386 (7th Cir.1984)). Therefore, Petitioner's speculative and vague argument that his family will suffer a financial hardship by his continued incarceration does not constitute irreparable harm sufficient to

4

establish equity jurisdiction. *Local Union No. 884, United Rubber, Cork, Linoleum and Plastic Workers of America v. Bridgestone/Firestone, Inc.,* 58 F.3d 1247, 1255 (8th Cir. 1995); *Hughes v. United States*, 953 F.2d 531, 536 (9th Cir.1992) ("mere financial hardship does not establish irreparable harm").

Relative to Petitioner's other argument regarding the potential opportunity to be released prior to the due date of Respondent's answer to the habeas petition in this matter, as previously indicated, since the Court does not find a substantial likelihood of success on the merits of Petitioner's claims, the argument is without merit.

### 3. Harm to Others

Case law provides that inmates with a deportation status require a higher security classification status because they have more of a basis and a means to flee upon their early release, and in turn cause a potential harm to others. *McLean v. Crabtree,* 173 F.3d 1176, 1184 (9th Cir. 1999). This reasoning has been found to be rational and within the permissible exercise of the BOP's broad discretion in administering a sentence reduction program. *Id.* Accordingly, the courts are ever cautioned to stay out of the business of micro-managing prisons. See *Turner v. Safley*, 482 U.S. 78 (1987); *Turney v. Scroggy*, 831 F.2d 135 (6th Cir.1987).

### 3. Public Interest

The Court is not convinced that the public interest would be served by interfering with the BOP's decision to revoke Petitioner's opportunity for early release in light of the case and statutory law supporting a decision to disallow an inmate with a deportation status to benefit from a sentence reduction treatment program.

### III.  Conclusion

The Court finds that Petitioner has not met the criteria required for receiving injunctive relief in this matter.

Accordingly,

IT IS ORDERED that Petitioner's "Motion for Preliminary Injunction" **[Doc# 6-1, filed, August 29, 2006]** is **DENIED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  December 5, 2006

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on December 5, 2006.

S/Carol A. Pinegar
Deputy Clerk