**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**MOHAMMED HASAN, #38769-060,**

       **Petitioner,**

                                 **Civil No: 2:06-CV-13637**
                                 **Honorable Victoria A. Roberts**
                                 **Magistrate Judge Mona K. Majzoub**

**v.**

**L.C. EICHENLAUB,**

       **Respondent.**

_____/

## OPINION & ORDER DISMISSING HABEAS PETITION

Petitioner, Mohammed Hasan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. At the time Petitioner filed his request for habeas relief, he was a federal prisoner at the Federal Correctional Institution (FCI) in Milan, Michigan. His habeas petition challenges the Federal Bureau of Prisons' (BOP) decision to deny his early relief benefit under 18 U.S.C. §3621(e). Respondent filed a response asserting that the BOP's decision to deny early release did not result in a violation of Petitioner's constitutional rights. Petitioner subsequently filed a traverse brief reiterating his claim. For the reasons set forth below the Court will deny the habeas petition as moot.

## I. BACKGROUND

On August 26, 2003, Petitioner was sentenced in the United States District Court for the Northern District of Ohio to an eighty-seven month term of imprisonment and ten years' supervised release for conspiracy to possess with intent to distribute pseudoephidrine, money laundering, and unlawful use of a communication device in order to facilitate a drug conspiracy. Petitioner had a projected release date of June 7, 2008, but was determined to be provisionally eligible for an early

release pursuant to 18 U.S.C. §3621(e)(2)(B).  However, Immigration and Customs Enforcement (ICE) lodged a detainer against Petitioner for possible deportation.  Consequently, the BOP changed Petitioner's eligibility status; and he was no longer eligible for early release.  Accordingly, Petitioner has filed this habeas petition in an effort to have his eligibility for early release status reinstated.

## II.  DISCUSSION

A court may *sua sponte* raise the question of jurisdiction.  *Berger v. Cuyahoga County Bar Association,* 983 F.2d 718, 721 (6th Cir. 1993).  The Court, in this case, *sua sponte* raises the issue of mootness.  See *Medberry v. Crosby,* 351 F.3d 1049, 1054, n.3 (holding that, because mootness "strik[es] at the heart of federal subject matter jurisdiction" it may be raised *sua sponte*).  Article III, §2 of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings.  This case or controversy requirement means that, throughout the litigation, the plaintiff "must have suffered or be threatened with an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  *Lewis v. Continental Bank Corp,* 494 U.S. 472, 477 (1990).

The BOP maintains an Inmate Locator Service which enables the public to track the location of federal inmates.  The Court is permitted to take judicial notice of information on the Inmate Locator Service. *Chukwuemeka v. Hogsten,* No. 05-2531, 2006 WL 42175, n. 2 (M.D. Pa. Jan. 6, 2006); *Meador v. O'Brien,* No. 04-224, 2005 WL 2133598, *4 (E.D. Ky. Aug. 31. 2005).  The Inmate Locator Service indicates that while this matter was pending, Petitioner was released on April 9, 2007, which was fourteen months prior to his projected release.

The relief Petitioner seeks is to be released prior to his projected release date.  Petitioner was

in fact released several months before the date. Because Petitioner has been afforded the relief sought in his petition, the Court concludes that there remains no actual injury which the Court would redress with a favorable decision. See *Elwood v. Sanders,* 152 Fed. Appx. 558 (8th Cir. Nov. 2, 2005) (unpublished) (holding that petitioner's release pending appeal rendered moot the challenge to BOP's policy preventing his transfer to a CCC); see also *Chhibba v. Fed. Bureau of Prisons,* 154 Appx. 279 (3d Cir. Oct. 19, 2005).

## III. CONCLUSION

Accordingly,

IT IS ORDERED that Petitioner's "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241" [Dkt. #1] is **DENIED** as **MOOT.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: July 23, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on July 23, 2008.

s/Carol A. Pinegar
Deputy Clerk